```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

PAUL P. RECK,

       Plaintiff,

    -v-                                03-CV-6432T
                                                    DECISION
ALSTOM LES, IAN SIMPSON, (U.S. Rep.),    and ORDER
DOMINIQUE ROUX (France),

       Defendants.
_____

On September 3, 2003, plaintiff, proceeding pro se filed a complaint alleging breach of contract against Alstom Les (a French corporation), Ian Simpson, (an alleged U.S. representative of Alstom Les) and Dominique Roux (an alleged French employee of Alstom Res) on the basis of diversity jurisdiction. On October 1, 2003, this Court directed the United States Marshal for the Western District of New York to effect service of the Summons and Complaint upon defendants. The Marshal attempted to serve only defendant Simpson, because, he was the only defendant located within the United States. Simpson neither replied to the Summons nor officially acknowledged receipt of service of plaintiff's Summons and Complaint. On February 24, 2004, plaintiff made a motion for summary judgment against all defendants which was denied on March 3, 2004, because the defendants had not been properly served. Plaintiff then moved for reconsideration of that decision. On December 15, 2004, the Court denied and simultaneously extended

plaintiff's time to effect proper service upon the defendants to April 1, 2005. In the same order, the court instructed the plaintiff how to effect extraterritorial service on overseas citizens and entities in accordance with the Hague Convention and even provided the plaintiff with a name of an international process server. On April 4, 2005, the court again, at the plaintiff's request, extended his time to serve the defendants' to August 2, 2005. On July 25, 2005, in an attempt to serve defendant Alstom Les, plaintiff served Alstom Transportation Inc., an unrelated corporation based in the United States. Plaintiff asserts that service of the complaint on Alstom Transportation Inc. constituted valid service on Alstom Les claiming that Alstom Transportation Inc. is an agent of Alstom Les. On August 12, 2005, Alstom Les moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6) on grounds of lack of jurisdiction over the subject matter; lack of jurisdiction over the person; insufficiency of service of process; and failure to state a claim upon which relief can be granted. On September 6, 2005, plaintiff again moved for summary judgment against the defendants maintaining that service upon Alstom Transportation effectively constituted service of process upon Alstom Les.

## DISCUSSION

There is no evidence in the record that Alstom Transportation is an agent of Alstom Les'. Alstom Les is a division of a French

corporation called Alstom Transport, S.A. while Alstom Transportation is a New York corporation. Alstom Les is a wholly separate corporation from Alstom Transportation. Its finances are independently maintained, each has its own board of directors, conducts its own corporate meetings and keeps separate financial records. It is well settled that a plaintiff cannot effect service of process on a domestic corporation when its true target is a foreign corporation which is unavailable for service. Sleigh Corp v. Van Dijk, 1996 WL 219638 at *6 (S.D.N.Y. May 1, 1996). The due process clause of our Constitution leaves no doubt that "....at a minimum...[the] deprivation of life, liberty, or property by adjudication be preceded by notice and opportunity for a hearing appropriate to the nature of the case." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950). This notice requirement is so basic that a Court is powerless to grant jurisdiction when proper service has not been effected. Any plaintiff, whether pro se or represented, is not immune from the basic constitutional obligation to effect proper service so as to give notice to the defendant and afford him the opportunity to be heard. There are no shortcuts. Simply put, Alstom Transportation is not Alstom Les' agent. Thus, plaintiff's service on Alstom Transportation in lieu of proper service on Alstom Les is not sufficient.

**CONCLUSION**

For the reasons set forth above, defendants' motion to dismiss for insufficient service of process upon Alstom Transportation, Inc. is granted. Plaintiff's motion for summary judgment is denied.

**SO ORDERED.**

　　　　　　　　　　　　　　　_____S/ Michael A. Telesca_____
　　　　　　　　　　　　　　　　　　　MICHAEL A. TELESCA
　　　　　　　　　　　　　　　　　　United States District Judge

Dated:　　January 10, 2006
　　　　　Rochester, New York